No. 14-2012
───────────────────────────────

IN THE

# United States Court of Appeals
FOR THE FOURTH CIRCUIT
───────────────────────────────

COASTAL COAL-WEST VIRGINIA, LLC,

*Petitioner,*

v.

RICHARD L. MILLER,

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

*Respondents.*
───────────────────────────────

ON PETITION FOR REVIEW OF A DECISION AND ORDER
OF THE BENEFITS REVIEW BOARD
UNITED STATES DEPARTMENT OF LABOR
───────────────────────────────

**COASTAL COAL-WEST VIRGINIA, LLC's
PETITION FOR PANEL REHEARING**
───────────────────────────────

Jeffrey R. Soukup
Kentucky Bar No. 92029
Jackson Kelly PLLC
175 E. Main St., Ste. 500
Lexington, KY  40507
jrsoukup@jacksonkelly.com

## I. STATEMENT OF PURPOSE IN COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 40 AND FOURTH CIRCUIT LOCAL RULE 40(b)

In compliance with Federal Rule of Appellate Procedure 40 and Fourth Circuit Rule 40(b), in the judgment of the undersigned, the following situation exists following the issuance of the unpublished per curiam decision in this matter:

**(1)** A material factual or legal matter was overlooked in the decision, as the panel concluded the Petition for Review was untimely filed, when it was in fact timely filed because the Petitioner's January 21, 2014 Motion for Reconsideration or Rehearing En Banc to the Benefits Review Board was deemed timely filed when mailed.

**(2)** The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals and the conflict is not addressed in the opinion, as it conflicts with *Director, Office of Workers' Compensation Programs v. Hileman*, 897 F.3d 1277 (4th Cir. 1990), which holds that if the Benefits Review Board considers a motion for reconsideration on the merits despite being untimely filed, the period for appeal to this Court begins on the date of the denial of the motion for reconsideration.

For these reasons, Coastal Coal-West Virginia, LLC requests that the panel reconsider and vacate the May 12, 2015 per curiam decision and reinstate this matter for resolution on its merits.

## II.     ARGUMENT FOR REHEARING

**The Court has jurisdiction, as Coastal Coal timely filed its Motion for Reconsideration with the Benefits Review Board on January 21, 2014 and then timely filed its Petition for Review with this Court within 60 days of the Board's denial of the Motion for Reconsideration.**

This Petition for Review arises from an award of federal black lung benefits issued by Administrative Law Judge Michael P. Lesniak on January 9, 2013. Coastal Coal-West Virginia, LLC ("Coastal Coal") filed an appeal with the Benefits Review Board ("Board") on February 8, 2013. The Board affirmed the award of benefits on December 23, 2013. As will be explained in detail below, Coastal Coal filed a Motion for Reconsideration or Rehearing En Banc with the Board via overnight mail on January 21, 2014. The Board denied the motion on July 28, 2014, and the appeal to this Court followed.

This Court filed an unpublished per curiam opinion dismissing Coastal Coal's Petition for Review of the Board's orders affirming the award of benefits and denying Coastal Coal's Motion for Reconsideration and Rehearing En Banc. DE 43. The Court explained that under 33 U.S.C. § 921(c) and 20 C.F.R. § 802.406, Coastal Coal had 60 days to file its Petition for Review with this Court,

with the 60-day period running from the date of the Board's disposition of the Motion for Reconsideration or Rehearing En Banc. DE 43 at 2. The Court explained that to be timely, a motion seeking reconsideration by the Board must be filed with the Board within 30 days after issuance of the Board panel's decision. *Id.* (citing 20 C.F.R. § 802.407). The Court said Coastal Coal filed its Motion for Reconsideration or Rehearing En Banc with the Board on January 24, 2014, or two days after the 30-day deadline, meaning Coastal Coal's Petition for Review with this Court was also untimely and the Court lacked jurisdiction to decide the merits of the Petition. *See id.* at 3.

### 1. Coastal Coal's Motion for Reconsideration or Rehearing En Banc was timely filed with the Board on the date of mailing, January 21, 2014.

Coastal Coal respectfully advises that the Court has erred regarding the date Coastal Coal filed its Motion for Reconsideration or Rehearing En Banc with the Board. Unlike with courts of appeals, where an appeal is deemed filed when received by the clerk of the court rather than when placed in the mail by the moving party, a motion for reconsideration with the Board is deemed filed the day the document is placed in the mail. The Board's regulations provide:

> (a) Any party-in-interest may, within 30 days from the filing of a decision or non-interlocutory order by a panel or the Board pursuant to § 802.403(b), request reconsideration of such decision by those members who rendered the decision. The panel of members who heard and decided the appeal will rule on the motion for

4

reconsideration. If any member of the original panel is unavailable, the Chairman shall designate a new panel member.

(b) Except as provided in § 801.301(d), a party may, within 30 days from the filing of a decision or non-interlocutory order by a panel of the Board pursuant to § 802.403(b), suggest the appropriateness of reconsideration by the permanent members sitting en banc. Such suggestion, however, must accompany a motion for reconsideration directed to the panel which rendered the decision. The suggestion for reconsideration en banc must be clearly marked as such.

20 C.F.R. § 802.407.  The regulations also provide:

(a) In computing any period of time prescribed or allowed by these rules, by direction of the Board, or by any applicable statute which does not provide otherwise, the day from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

**(b) Whenever a paper is served on the Board or on any party by mail, paragraph (a) of this section will be deemed complied with if the envelope containing the paper is postmarked by the U.S. Postal Service within the time period allowed, computed as in paragraph (a) of this section.  If there is no such postmark, or it is not legible, other evidence, such as, but not limited to, certified mail receipts, certificate of service and affidavits, may be used to establish the mailing date.**

20 C.F.R. § 802.221 (emphasis added).  The emphasis in § 802.221(b) on the mailing date indicates this is the key date for determining when a "paper," such as a motion for reconsideration, is deemed filed with the Board.  It is also consistent with the Board's regulations governing the filing of motions for reconsideration with the Office of Administrative Law Judges and the filing of notices of appeal

5

with the Board, both of which provide that matters may be considered filed on the date of mailing. *See* 20 C.F.R. §§ 802.206(c),[1] 802.207(b).[2]

Board precedent also confirms that a motion for reconsideration is deemed filed with the Board on the date the motion was mailed. In *Boroski v. Dyncorp Int'l*, BRB No. 13-0372 (Ben. Rev. Bd. June 11, 2014) (unpublished) (attached as Exhibit A), the 30-day period for filing a motion for reconsideration with the Board expired on April 21. The claimant mailed his motion for reconsideration to the Board that day. *See id.* The Board held the motion for reconsideration was timely filed because it was mailed within the 30-day time period. "The service

---

[1] 20 C.F.R. § 802.206(c) provides:

> If the motion for reconsideration is sent by mail and the fixing of the date of delivery as the date of filing would result in a loss or impairment of reconsideration rights, it will be considered to have been filed as of the date of mailing. The date appearing on the U.S. Postal Service postmark (when available and legible) shall be prima facie evidence of the date of mailing. If there is no such postmark or it is not legible, other evidence such as, but not limited to, certified mail receipts, certificates of service and affidavits may also be used to establish the mailing date.

[2] 20 C.F.R. § 802.207(b) provides:

> If the notice of appeal is sent by mail and the fixing of the date of delivery as the date of filing would result in a loss or impairment of appeal rights, it will be considered to have been filed as of the date of mailing. The date appearing on the U.S. Postal Service postmark (when available and legible) shall be prima facie evidence of the date of mailing. If there is no such postmark or it is not legible, other evidence, such as, but not limited to, certified mail receipts, certificate of service and affidavits, may be used to establish the mailing date.

sheet certifies that counsel mailed the motion on April 21, 2014, and [20 C.F.R. §] Section 802.221(b) provides that, if the date of mailing is timely, then Section 802.221(a) is deemed complied with. 20 C.F.R. § 802.221(b). Claimant's motion was timely filed." *Id.* The Board's interpretation of its regulations is reasonable and entitled to deference. *See Auer v. Robbins*, 519 U.S. 452 (1997); *Chevron, USA, Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

The shipping label and certificate of service on Coastal Coal's Motion for Reconsideration or Rehearing En Banc (*see* Exhibit B) establish the Motion was mailed overnight to the Board on January 21, 2014, within the requisite 30-day time period. Coastal Coal also notes the certified case record from the Board, which was included in the joint appendix for this appeal (Exhibit C, and also included at Joint Appendix page 78), certifies that the Motion for Reconsideration or Rehearing En Banc and Brief in Support were dated January 21, 2014, within the 30-day filing period. Finally, the undersigned has also attached an affidavit testifying that the Motion for Reconsideration or Rehearing En Banc was sent via overnight mail on January 21, 2014 (*see* Exhibit D). Under the Board's regulations and case law, the Motion for Reconsideration or Rehearing En Banc was timely filed when it was placed in the mail on January 21, 2014. The 60-day time period for filing a petition for review with this Court therefore began running on July 28, 2014, when the Board denied the Motion for Reconsideration or Rehearing En

Banc. *See* Order Dismissing Coastal Coal's Petition for Review, at 2 ("If, however, the aggrieved party files a timely motion for reconsideration of the Board's order, the sixty-day period runs from the Board's disposition of that motion."). Coastal Coal filed its Petition for Review within this 60-day time period. The Court has jurisdiction to review the Petition's merits.

> **2.    In the alternative, because the Board considered the merits of the Motion for Reconsideration or Rehearing En Banc, the 60-day appeal period ran from the date the Board denied the Motion.**

Even assuming *arguendo* Coastal Coal's Motion for Reconsideration or Rehearing En Banc by the Board is nonetheless considered untimely filed, Coastal Coal's Petition for Review by this Court still must be considered timely filed and within the Court's jurisdiction. This Court's published precedent holds that even if a motion for reconsideration by the Board is not timely filed, if the Board nonetheless entertains the motion on the merits, the 60-day period for filing a petition for review with this Court begins running on the day the Board denied the motion for reconsideration. *See Director, Office of Workers' Compensation Programs v. Hileman*, 897 F.3d 1277, 1279 (4th Cir. 1990) (attached as Exhibit E). As the Court explained:

> Although the Director's motion for en banc reconsideration of the Board's decision was not timely filed, the Board accepted it and ruled on its merits. Had the Board refused to rule on the motion because of its untimeliness, the period for seeking review in this court would have run from the date of the Board's original dismissal of the

8

> Director's appeal.  **However, since the Board entertained the motion for reconsideration on its merits, the period for petitioning this court for review did not begin to run until February 29, 1988, the date of the Board's en banc affirmance of the dismissal.  Since the Director filed his petition for review within sixty days of this date, we have jurisdiction over the matter.**

*Id.* (emphasis added).

*Hileman* applies to Coastal Coal's appeal in this case.  In denying the Motion for Reconsideration, the Board here said that it considered Coastal Coal's contentions raised in the Motion for Reconsideration and that it engaged in en banc review of the Board panel's disposition of the case (*see* Exhibit F, also included at Joint Appendix pages 68–70).  The Board did not deny the Motion for Reconsideration or Rehearing En Banc as being untimely filed.  *See id.*  Thus, the Board took up the Motion for Reconsideration on the merits without regard to its timeliness.  The 60-day period for filing a petition for review with this Court therefore began on July 28, 2014, when the Board denied the Motion for Reconsideration or Rehearing En Banc.  *See Hileman*, 897 F.3d at 1279.  Coastal Coal filed its Petition for Review on September 25, 2014, within 60 days of July 28, 2014.  The Petition was therefore timely filed and the Court has jurisdiction.

The panel's finding that Coastal Coal's Motion for Reconsideration or Rehearing En Banc was untimely filed, that the Board's denial of the Motion did not trigger the 60-day period for appealing to this Court, and that the Court lacks jurisdiction of this appeal is contrary to both the Board's precedent and findings

9

and to this Court's published precedent. The Petition for Review may not be dismissed for lack of jurisdiction.[3]

### III.    CONCLUSION

Coastal Coal-West Virginia, LLC respectfully requests panel rehearing, that the May 12, 2015 per curiam decision be vacated, and that the merits of the Petition for Review be considered.

>     Respectfully submitted,
>
>     **COASTAL COAL-WEST VIRGINIA, LLC,**
>
>     By Counsel.
>
>     /s/ Jeffrey R. Soukup
>     Jeffrey R. Soukup
>     Jackson Kelly PLLC
>     175 E. Main St., Ste. 500
>     Lexington, KY  40507
>     (859) 288-2826
>     jrsoukup@jacksonkelly.com
>     *Counsel for Coastal Coal-West Virginia, LLC*

---

[3] In preparing this Motion for Panel Reconsideration, the undersigned counsel noticed his docketing statement and opening brief erroneously state the Motion for Reconsideration or Rehearing En Banc was filed with the Board on January 23, 2014. *See* Docketing Statement; Opening Br. at 1. This is a typographical error made on the docketing statement that was unfortunately copied into the opening brief. Despite this inaccuracy, the attached copy of the signed Motion for Reconsideration or Rehearing En Banc and the Board's certified case record both establish the Motion for Reconsideration or Rehearing En Banc was actually filed on January 21, 2014, within the 30-day filing period. To the extent the Court relied on this January 23, 2014 typographical error in finding the Motion for Reconsideration or Rehearing En Banc was filed on January 24, 2014, this is inaccurate. The undersigned apologizes for this error and any confusion it may have caused.

10

## IV. CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **COASTAL COAL-WEST VIRGINIA, LLC'S PETITION FOR PANEL REHEARING** was served upon the following by electronic filing on this **22nd** day of May, 2015.

**ELECTRONIC**:         Patricia S. Connor
U. S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA  23219-3517

Otis R. Mann, Jr., Esq.
215 Hale Street
Charleston, WV 25301-2207
watkins.jennifer75@yahoo.com

Sean G. Bajkowski, Esq.
Helen H. Cox, Esq.
U. S. Department of Labor
Office of the Solicitor
Frances Perkins Building, Suite N-2119
200 Constitution Avenue, N.W.
Washington, DC 20210
blls-sol@dol.gov
cox.helen@dol.gov


/s/ Jeffrey R. Soukup
*Counsel for Coastal Coal-West Virginia, LLC*

4833-8710-8131, v. 1